UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>SPENCER WILLIAM BROWN, JR.,<br><br>　　　　　　Defendant. | **4:20-CR-40028**<br><br><br>**ORDER** |

Pending before the Court is the Government's motion for an order authorizing the Bureau of Prisons ("BOP") to turn over to the Clerk of Court funds held in Defendant's BOP inmate trust account pursuant to 18 U.S.C. §§ 3613, 3664(n), and 3664(k). (Doc. 103.) For the following reasons, the motion will be granted.

## BACKGROUND

On November 13, 2020, this Court sentenced Spencer William Brown, Jr. ("Brown") to 72 months' imprisonment, three years' supervised release, a $100 special assessment, and joint and several restitution in the amount of $1,621 for interference with commerce by threats and violence in violation at 18 U.S.C. §§ 1951 and 2. (Doc. 96.) Interest was waived. *Id.* at 6. The Schedule of Payments in the Judgment provides:

> Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of the deposits in your inmate trust account while you are in custody, or 10% of your inmate trust account while serving custody at a Residential Reentry Center. Any portion of the monetary obligation(s) not paid in full prior to your release from custody shall be due in monthly installments of $25 such payments to begin 60 days following your release.

*Id.* at 7.

According to the Government, Brown has failed to make any payments toward his special assessment and restitution. Prior to filing this motion on January 4, 2022, prison officials

1

advised the Government that Brown had a balance of $3,667.05 in his inmate trust account, of which $1,721.00 was encumbered pursuant to a Letter of Encumbrance sent by the U.S. Attorney's Office to the BOP on December 29, 2021. The Government's recent supplement indicates that Brown's inmate trust account totaled $3,698.85 as of March 1, 2022. (Doc. 105.)

After the Government filed the motion to obtain funds from Brown's BOP trust account, the Eighth Circuit issued a decision in *United States v. Kidd*, 23 F.4th 781 (8th Cir. 2022), holding that one of the statutes relied on by the Government for its request, 18 U.S.C. § 3664(n), does not apply to prison wages that have accumulated in a prisoner's trust account. The Government was directed to address the effect that *Kidd* had on its motion. (Doc. 104.)

The Government's response details the sources of money in Brown's trust account. (Docs. 105, 106.) The Government could not confirm but it believes that $556.60 of the monies deposited in Brown's trust account may be prison wages. In light of *Kidd*, the Government is no longer seeking any money that Brown might have earned as prison wages. Rather, it is seeking $1,571.13, which represents 50% of the money in Brown's trust account after subtracting the $556.60 in possible prison wages. (Doc. 105, p. 3.)

The Government submitted a "Money Received" report showing all deposits into Brown's trust account from January 1, 2021 to March 1, 2022. (Doc. 106, Exhibit 1.) The largest deposits are from the Yankton Sioux Tribe in the amount of $685.00 and $2,000. The Government was able to confirm that the $685.00 deposit was a settlement payment related to "the *Bernhardt* settlement," and the $2,000.00 deposit was a payment given to all tribal members related to the COVID economic stimulus fund. (Doc. 106, 6.)

On March 29, 2022, Brown filed a response to the Government's motion, indicating that he had agreed to have $50.00 taken out of his account every three months and that he would like to continue that practice, though Brown admits that money has not been taken out of his account. (Doc. 107.)

## DISCUSSION

Section 3664(n) of the Mandatory Victims Restitution Act ("MVRA) provides that "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration,

such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Section 3613 provides that a restitution judgment "is a lien in favor of the United States on all property and rights to property" of the defendant. 18 U.S.C. § 3613(c). Under this authority, the Government argues that it is entitled to an Order directing the BOP to turn over the amount it has requested from Brown's inmate trust account. In addition, because the property is cash, the Government argues it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1). Finally, the Government asserts that payments issued pursuant to the CARES Act are not exempted from the lien created by a restitution judgment, and that applying funds from an inmate trust account that were derived from a CARES Act payment is consistent with the interest of justice.

Courts have held that CARES Act stimulus payments can be applied to a defendant's restitution obligations. *See United States v. Long*, No. 3:15-CR-30118-RAL, 2022 WL 703220, at *4 (D.S.D, Mar. 9, 2022) (citing cases). This Court agrees with the reasoning in those cases. In addition, Section 3664(n) expressly allows money from a settlement to be applied to restitution obligations.

After careful consideration of the legal authority, the Court concludes that $1,571.13 of the $3,698.85 in Brown's inmate trust account should be applied to his outstanding restitution obligation, leaving Brown with a $2,127.72 balance. This holding is consistent with 18 U.S.C. § 3664, and with this Court's restitution order which set Brown's restitution payments in regular quarterly installments of 50% of the deposits in his inmate trust account while he is in custody. *See, e.g., United States v. Diehl*, 848 F.3d 629, 634–635 (5th Cir. 2017) (noting courts have recognized that the Government may pursue immediate or adjusted enforcement of criminal monetary sanctions as long as the judgment contains no language to the contrary; and holding that a BOP-created payment schedule "does not supersede the terms of the court's sentencing order"). The amount requested by the Government is less than 50% of the deposits in Brown's account. Accordingly,

**IT IS ORDERED**:

1. That the United States of America's Motion to Authorize Payment from Inmate Trust Account is granted. (Doc. 103.)

2. That the Bureau of Prisons shall turn over to the Clerk of the United States District Court for the District of South Dakota funds held in the inmate trust account of Defendant Spencer William Brown, Register Number 09904-073, in the amount of One Thousand Five Hundred Seventy-One Dollars and Thirteen Cents ($1,571.13), as payment towards criminal monetary penalties owed by Defendant Brown in this case.

Dated this 26th day of April, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK